**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUKI KOBAYASHI,<br><br>    Plaintiff,<br><br>    v.<br><br>MORGAN MCMULLIN et al.,<br><br>    Defendants. | Case No. 2:19-CV-06591-SSS (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [DKT. 272]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file herein, the Report and Recommendation of United States Magistrate Judge [Dkt. 272], and Plaintiff's Objection to Magistrate Judge's Report and Recommendation [Dkt. 277]. After conducting a *de novo* review of the Report and Recommendation, the Court does not find any of Plaintiff's objections persuasive.  Accordingly, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge, with amendments unrelated to Plaintiff's objections.

    In order to correctly refer to the Vexatious Litigant list maintained by the Judicial Branch of the California Courts, which is **Exhibit E** (not Exhibit A) to the McMullin Request for Judicial Notice [Dkt. 230-1, at 68–69], the Court amends the following:

    1.    On page 15, line 21 of the Report and Recommendation, "Exhibit A"

|   |   |   |
|---|---|---|
| 1 |   | is amended to "Exhibit E" |
| 2 | 2. | On page 17, line 9, "Exhibit A" is amended to "Exhibit E"; |
| 3 | 3. | On page 23, lines 16–17, "Ex. A" is amended to "Ex. E"; and |
| 4 | 4. | On page 86, line 1, "Exhibits A–D" is amended to "Exhibit B–D." |

Similarly, in order to correctly refer to the Evidence of Proper Service on Notary Braverman's agent on November 21, 2019, which is **Exhibit A** (not Exhibit E) to the McMullin Request for Judicial Notice [Dkt. 230-1, at 2–3], the Court amends the following:

1. On page 16, line 1 of the Report and Recommendation, "Exhibit E" is amended to "Exhibit A";
2. On page 17, line 15 of the Report and Recommendation, "Exhibit E" is amended to "Exhibit A"; and
3. On page 86, line 2, "Exhibit E" is amended to "Exhibit A."

**IT THEREFORE IS ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**;
2. The Request for Judicial Notice (ECF No. 221), filed by Defendants Eviction Defense Network, Juliana Romeu, and Elena I. Popp, is **GRANTED** as to Exhibits A–E and G–K, and Plaintiff's objections to such Exhibits are **OVERRULED**.
3. The Request for Judicial Notice (ECF No. 299, at 21–23), filed by Defendants Morgan McMullin and Yeshia Braverman, is **GRANTED** as to Exhibits B–E and **DENIED** as to Exhibit A; Plaintiff's objections to such Exhibits are **OVERRULED**;
4. The Motion to Dismiss First Amended Complaint (ECF No. 217), filed by Defendants City of Los Angeles and Officers Tyler Shuck, Shahidi Herbert, Pierre Romain, Brian Cook, Jacquelyn Torres, Edgar Bacilio, Chris Craig, and Daniela Cordoba, is **GRANTED**, and Plaintiff's

objection regarding the timeliness of such motion is **OVERRULED**;

5. The Motion to Dismiss First Amended Complaint or in the Alternative, for a More Definite Statement (ECF No. 220), filed by Defendants Eviction Defense Network, Romeu, and Popp, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. **DENIED** on Plaintiff's lack of standing to file this lawsuit as a vexatious litigant;

    b. Plaintiff's objection based on Local Rule 7-3 is **OVERRULED**;

    c. **GRANTED** on the Second Claim for Relief (42 U.S.C. §§ 1985, 1986); Third Claim for Relief (42 U.S.C. § 1981); and Eleventh Claim for Relief (California Unruh Civil Rights Act, intentional infliction of emotional distress);

    d. As to the Ninth Claim for Relief: (i) **DENIED** on breach of contract and (ii) **GRANTED** on money had and received and fraud/deceit;

    e. The alternative motion for more definite statement is **DENIED AS MOOT**;

6. Plaintiff's request for sanctions against Defendants Eviction Defense Network, Romeu, and Popp is **DENIED**;

7. The Motion to Dismiss First Amended Complaint and All Claims Against Defendants McMullin and Braverman for Failure to State a Cause of Action (ECF No. 229), filed by Defendants McMullin and Braverman, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. **GRANTED** on the First Claim for Relief (42 U.S.C. § 1983); Second Claim for Relief (42 U.S.C. §§ 1985, 1986); Third Claim for Relief (42 U.S.C. § 1981); Fourth Claim for Relief (42 U.S.C. § 1982); Fifth Claim for Relief (Federal Fair Housing

3

Act); Ninth Claim for Relief (breach of contract, money had and received, fraud/deceit); and Eleventh Claim for Relief (California Unruh Civil Rights Act, intentional infliction of emotional distress);

    b. As to the Seventh Claim for Relief: (i) **DENIED** on negligence by notary public against Defendant Braverman; and (ii) **GRANTED** on constructive fraud;

    c. As to the Eighth Claim for Relief: (i) **GRANTED** on California Civil Code § 789.3 (illegal lockout, interruption of utility services, removal of personal properties), Ralph Civil Rights Act, and Tom Bane Civil Rights Act; and (ii) **DENIED** on trespass and conversion;

    d. **DENIED** on the Tenth Claim for Relief (libel and slander);

8. The Motion to Dismiss the First Amended Complaint Pursuant to FRCP 12(b)(6) (ECF No. 224), filed by Defendants La Brea Rehabilitation Center, Thomas Mead, Sherra Beunafe, Victoria Cervantes, and Hailey Underwood, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. **DENIED** on Plaintiff's lack of standing to file this lawsuit as a vexatious litigant;

    b. **GRANTED** on the First Claim for Relief (42 U.S.C. § 1983); Second Claim for Relief (42 U.S.C. §§ 1985, 1986); Fifth Claim for Relief (Federal Fair Housing Act); Eleventh Claim for Relief (California Unruh Civil Rights Act, intentional infliction of emotional distress); and the issue of immunity pursuant to California Welfare Institutions Code section 15634 as to Defendants' reports to police regarding suspected abuse of Mrs. Nakano by Plaintiff;

    c. As to the Sixth Claim for Relief: (i) **GRANTED** on battery as to Defendant Mead, but otherwise **DENIED** on battery; (ii) **GRANTED** on assault; and (iii) **GRANTED** on false imprisonment as to Defendant Mead, but otherwise **DENIED** on false imprisonment;

9. The Motion to Dismiss the First Amended Complaint Pursuant to FRCP Rule 12(b)(6) (ECF No. 245), filed by Defendants Karen Carbonilla, Perla Delfin, Oyekunle Salako, Ruth Geberemedhin, and Makrui Kiuregyan, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. **DENIED** on Plaintiff's lack of standing to file this lawsuit as a vexatious litigant;

    b. **GRANTED** on the First Claim for Relief (42 U.S.C. § 1983); Second Claim for Relief (42 U.S.C. §§ 1985, 1986); Fifth Claim for Relief (Federal Fair Housing Act); the Eleventh Claim for Relief (California Unruh Civil Rights Act, intentional infliction of emotional distress); and the issue of immunity pursuant to California Welfare Institutions Code section 15634 as to Defendants' reports to police regarding suspected abuse of Mrs. Nakano by Plaintiff;

    c. As to the Sixth Claim for Relief: (i) **GRANTED** on battery as to Defendant Delfin, but otherwise **DENIED** on battery; (ii) **GRANTED** on assault and false imprisonment;

10. The Motion to Dismiss the First Amended Complaint Pursuant to FRCP Rule 12(b)(6) (ECF No. 264), filed by Defendant Steven Berger, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. **DENIED** on Plaintiff's lack of standing to file this lawsuit as a vexatious litigant;

      b. Plaintiff's objection based on Local Rule 7-3 is **OVERRULED**;

      c. **GRANTED** on all claims against Defendant Berger;

11. Plaintiff is **GRANTED** leave to file a Second Amended Complaint. Plaintiff shall not add any new claims or Defendants that were not in the First Amended Complaint;

12. Plaintiff's Objections to Magistrate Judge's Report and Recommendation [Dkt. 277] Nos. 1–50 are **OVERRULED**.

DATED: August 8, 2022

_____
SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE