1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11

YUKI KOBAYASHI,

Case No. 2:19-CV-06591-SSS (MAA)

12

             Plaintiff,

13

**ORDER ACCEPTING FINDINGS**
**AND RECOMMENDATIONS OF**
**UNITED STATES MAGISTRATE**
**JUDGE**

    v.

14
15

MORGAN MCMULLIN et al.,

16

             Defendants.

17

       Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file

18 herein pertaining to the Motion to Declare Plaintiff a Vexatious Litigant ("Motion")

19 [Dkt. 230] filed by Defendants Morgan McMullin and Yeshia Braverman (together,

20 "Defendants"), the Report and Recommendation of United States Magistrate Judge

21 [Dkt. 279], Defendants' Objections [Dkt. 280], and Plaintiff Yuki Kobayashi's

22 ("Plaintiff") Response [Dkt. 281].  After conducting a *de novo* review of the

23 portions of the Report and Recommendation to which Objections were directed, the

24 Court concurs with and accepts the findings and conclusions of the Magistrate

25 Judge.

26

       Defendants claim "[t]he Vexatious Litigant Report and Recommendation

27 fails to note that the Magistrate has concluded that almost all of the claims against

28 DEFENDANTS fail to state a cause of action."  [Dkt. 280 at 7].  Defendants are

1    incorrect.  The Magistrate Judge did note that "Plaintiff sufficiently pled at least
2    some of his claims."  [Dkt. 179 at 12].

3        Defendants claim "[t]he Magistrate relies heavily on delaying a finding that
4    Plaintiff Kobayashi is a vexatious litigant by relying on one unpublished district
5    court cases [sic], which has no precedential value," and that "an unpublished
6    opinion cannot be cited as precedent."  [Dkt. 280 at 8, 17].  However, "[n]either the
7    Ninth Circuit Rules nor the local rules of the [Central] District of California
8    prohibit citation of unreported district court opinions.  Indeed, [the Ninth Circuit]
9    has condoned the use of unpublished district court decisions to identify general
10   policy considerations relevant to cases bearing a factual similarity to one another."
11   *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1438 (9th Cir.), *amended*,
12   807 F.2d 769 (9th Cir. 1986).

13       Defendants claim "[t]he Vexatious Litigant Report and Recommendation
14   fails to consider how the court's decision in *Foster* and subsequent declaration of
15   Plaintiff Kobayashi as a vexatious litigant affects Mr. Kobayashi being declared a
16   vexatious litigant herein."  [Dkt. 280 at 9].  Defendants are incorrect.  The
17   Magistrate Judge considered *Foster* but stated that she "ha[d] not yet found that *this*
18   lawsuit is frivolous or harassing."  [*See* Dkt. 279 at 10–12 (citing *Brooke v. IA*
19   *Lodging Santa Clara LLC*, No. 19-07558, 2020 U.S. Dist. LEXIS 119897, at *11
20   (N.D. Cal. July 8, 2020))].  That *Foster* was uncompelling does not amount to a
21   failure to consider it.

22       Defendants claim "[t]he Vexatious Litigant Report and Recommendation
23   fails to consider how Plaintiff Kobayashi's prior attempt to defraud the court by
24   committing perjury affects Mr. Kobayashi being declared a vexatious litigant
25   herein."  [Dkt. 280 at 10].  Defendants are incorrect.  The Magistrate Judge
26   considered Plaintiff's "Urgent Ex Parte Application" to which Defendants refer, but
27   nevertheless stated she "[wa]s not wholly convinced that such motion was frivolous

28

or harassing." [Dkt. 279 at 13].

Defendants claim "[t]he Vexatious Litigant Report and Recommendation fails to mention the importance of the Hon. Robert Kwan's dismissal of Plaintiff Kobayashi's bankruptcy Petition filed on behalf of Mrs. Kyoko Nakano, on the ground that Mr. Kobayashi lacked the authority to act on her behalf." [Dkt. at 10]. Defendants are incorrect. The Magistrate Judge considered the *Nakano* Bankruptcy but stated that she "ha[d] not yet found that *this* lawsuit is frivolous or harassing." *See* R&R at 11–12 (citing *Brooke v. IA Lodging Santa Clara LLC*, No. 19-07558, 2020 U.S. Dist. LEXIS 119897, at *11 (N.D. Cal. July 8, 2020)). That the *Nakano* bankruptcy was uncompelling does not amount to a failure to mention or consider its importance.

Defendants claim "[i]n her analysis, the Magistrate concludes that because the order declaring Plaintiff Kobayashi a vexatious litigant in *Yuki Kobayashi v. Jose E. Aleman et al.* does not provide the basis for imposing such designation, this Court cannot take it into consideration. This rationale ignores the res judicata effect of the court finding KOBAYASHI to be a vexatious litigant." [Dkt. 280 at 11] (citing Fed. R. Evid. 201). But Defendants fail to provide any discussion, explanation, or legal support regarding this claimed res judicata effect of the *Aleman* court finding Plaintiff to be a vexatious litigant. Defendants cite only to Federal Rule of Evidence 201, which is unhelpful. [Dkt. 279 at 11].

Defendants claim "[t]he conclusion in the Magistrate's recommendation that the facts contained in Exhibit D were disputed, is unsupported by the Court's reliance on the cited exhibits at ECF No. 279 at 10:11–20." [Dkt. 280 at 14]. Defendants are incorrect. "[A] court may take judicial notice of a document without taking judicial notice of reasonably disputed facts contained in the document." *In re Qualcomm Antitrust Litig.*, 292 F. Supp. 3d 948, 964 (N.D. Cal. 2017). Moreover, a court may only take judicial notice of a fact "not subject to reasonable dispute." Fed. R. Evid. 201. As The Magistrate Judge explained, the

3

facts in Exhibit D are subject to reasonable dispute.  [Dkt. 279 at 4].  Indeed, Plaintiff disputes these facts now.  [*See* Dkt. 272 at 5].

Defendants claim "[t]he Vexatious Litigant Report and Recommendation fails to address DEFENDANTS' argument that defending against this action has caused them an unnecessary financial burden."  [Dkt. 280] at 14.  Defendants are incorrect.  The Magistrate Judge discussed Defendants' claimed financial burden based on Plaintiff's allegedly meritless filings.  [Dkt. 279 at 11].  However, Defendants did not specify the allegedly meritless filings and identified only one example of an allegedly frivolous or harassing filing, which the Magistrate Judge did not find frivolous or harassing.  [Dkt. 279 at 13].  That Defendants' argument about allegedly unnecessary financial burden was uncompelling does not equate to a failure to address it.

Defendants claim "the Vexatious Litigant Report and Recommendation fails to recognize the severity of the fraud perpetrated by Plaintiff Kobayashi on this Court."  [Dkt. 280 at 15].  Defendants are incorrect.  The Magistrate Judge considered Plaintiff's "Urgent Ex Parte Application" to which Defendants refer, but nevertheless stated she "[wa]s not wholly convinced that such motion was frivolous or harassing."  [Dkt. 279 at 13].  That Defendants' argument regarding the severity of Plaintiff's Urgent Ex Parte Application was uncompelling does not equate to a failure to recognize it.

Defendants claim "[t]he Magistrate has clearly failed to consider the application of each subsection of CCP § 391, in determining whether Plaintiff is a Vexatious Litigant."  [Dkt. 280 at 18].  Defendants further claim they "did not themselves limit the applicability of CCP §§ 391–391.8 to the third *De Long* factor, but only did so in response to the Court's Order."  [Dkt. 280 at 17 n.4].  Defendants are incorrect, and their objection is misplaced.

The fault and failure to consider CCP § 391 and apply it to every *De Long* factor belong to Defendants, not the Magistrate Judge.  In Defendants' initial

4

Motion to Declare Plaintiff Yuki Kobayashi a Vexatious Litigant [Dkt. 230],
Defendants cited only to CCP §§ 391–391.8 and formatted in bold only the third
subsection.  [Dkt. 230 at 17].  Defendants provided no discussion, explanation, or
analysis as to which, if any, *De Long* factors Defendants believed CCP §§ 391–
391.8 applied.  *Id.*  In Defendants' Reply brief, they further narrowed their citation
to CCP §§ 391–391.8 to include only subsection 3, again with no discussion,
explanation, or analysis as to which, if any, *De Long* factors Defendants believed
CCP §§ 391–391.8 applied.  [Dkt. 254 at 5].  The Magistrate Judge then requested
additional information to rule on Defendants' motion, "[g]iven the significance of a
determination that a party is a vexatious litigant."  [Dkt. 269 at 1].  Specifically, the
Magistrate Judge ordered Defendants to "(a) Provide arguments as to **each of the**
***De Long* factors**, with supporting evidence and pincites to such evidence," and "(c)
To the extent that Defendants rely on any of the four prongs of California Code of
Civil Procedure section 391(b)'s definition of 'vexatious litigant' to satisfy the third
De Long factor, provide all arguments, with supporting evidence and pincites to
such evidence, supporting a finding under that specific prong."  [Dkt. 269 at 2]
(emphasis added).

Defendants thus had ample opportunity, including an opportunity for
supplemental briefing, to provide arguments regarding each of the *De Long* factors,
including any arguments as to the application of CCP § 391.  The failure, therefore,
to consider and apply CCP § 391 to the *De Long* factors is Defendants' fault, not
the Court's.  Additionally, Local Rule 83-8.4 allows but does not mandate the Court
to consider the California Vexatious Litigants statute; no failure of the Court exists
here.

**IT THEREFORE IS ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is
**ACCEPTED**;

2. Defendants' amended request for judicial notice, as set forth in their

5

1   Supplemental Briefing to the Motion (Dkt. 270), is **GRANTED IN**
2   **PART AND DENIED IN PART** as follows:

3       a.  **GRANTED**, but only as to undisputed facts, as to: Exhibit A
4   (*Kobayashi v. Foster*, No. B181743, 2006 WL 1704003 (June
5   22, 2006)); Exhibit B (*Kobayashi v. Superior Court*, 175 Cal.
6   App. 4th 536 (2009)); Exhibit C (*In re Kiyoko Nakano*, No.
7   2:19-bk-11179-RK, 2019 WL 2896199 (Bankr. C.D. Cal. June
8   26, 2019)); Exhibit E (court docket of *Kobayashi v. Aleman*, No.
9   BC170895 (L.A. Super. Ct.); and Exhibit F (Vexatious Litigant
10   List prepared and maintained by the Judicial Branch of the
11   California Courts); and

12       b.  **DENIED** as to Exhibit D (Appellees' Answering and Joinder
13   Brief filed in *Kobayashi v. Coudert Bros.*, No. 99-55275, 1999
14   WL 33629461 (9th Cir. Oct. 18, 1999)).

15       c.  Plaintiff's objections to Defendants' requests for judicial notice
16   are **OVERRULED**.

17   3.    Plaintiff's request for judicial notice of the Ninth Circuit order
18   amending its previous ruling in *Coudert* is **GRANTED**.

19   4.    Defendants' Motion is **DENIED** without prejudice.

20   5.    Plaintiff's requests for sanctions and to strike the Motion are
21   **DENIED**.

23   DATED: August 18, 2022

        _____
24   SUNSHINE SUZANNE SYKES
    United States District Judge