**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUKI KOBAYASHI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MORGAN MCMULLIN et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-06591-SSS (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Fourth Amended Complaint ("4AC"), [Dkt. 374]; the briefs and documents filed in support of and in opposition to the Motion to Dismiss the 4AC Pursuant to FRCP Rule 12(b)(6) and/or Strike Portions of the Complaint Pursuant to FRCP 12(f) ("LBRC Motion"), [Dkt. 380], filed by Defendants La Brea Rehabilitation Center, LLC ("LBRC"), Thomas Mead, Sherra Buenafe, Victoria Cervantes, Hailey Underwood, Karen Carbonilla, Perla Delfin, Oyekunle Salako, Ruth Geberemedhin, Markui Kiuregyan, and Steven Berger (collectively, "LBRC Defendants"); the briefs and documents filed in support of and in opposition to the Motion to Dismiss Claims 3, 4 and 7 of the 4AC filed by Defendants Morgan McMullin and Yeshia "Shaya" Braverman (together, "McMullin Defendants") ("McMullin Motion,"), [Dkt. 384]; the other records on file herein; the Report and Recommendation of United States Magistrate

Judge [Dkt. 391]; and Plaintiff Yuki Kobayashi's ("Plaintiff") Objections thereto [Dkt. 392].

The Report recommends that some of Plaintiff's claims be stricken because they exceed the scope of the District Court's order granting Plaintiff leave to file the operative Fourth Amended Complaint. [Dkt. 391 at 19-20]. For the following reasons, Plaintiff's objections to the Report, [Dkt. 392], do not warrant a change to the Magistrate Judge's findings or recommendation.

Plaintiff objects that he should be allowed to bring a claim under 42 U.S.C. § 1983 against the La Brea Rehabilitation Center Defendants ("LBRC Defendants"). [Dkt. 392 at 3 (Objection One)]. This claim, however, exceeds the scope of the Court's order granting leave to file the Fourth Amended Complaint. [Dkt. 391 at 19]. Moreover, Plaintiff has never alleged that the LBRC Defendants, private parties, are state actors. [Dkt. 374 at 38]. The Magistrate Judge has repeatedly warned Plaintiff that his allegations of state action are insufficient. [Dkt. 351 at 32; Dkt. 272 at 33-35]. Thus, this claim is **STRICKEN**.

Plaintiff objects that his claim of legal malpractice against Defendants Romeu and Popp should be allowed to proceed. [Dkt. 392 at 3-4, 11 (Objections Two and Seventeen)]. However, the Court previously denied Plaintiff leave to add this claim in an amended Complaint because of undue delay, bad faith, and futility. [Dkt. 369 at 7, 9-16]. Thus, this claim is **STRICKEN**.

Plaintiff objects that his claim of intentional or reckless infliction of mental distress against LA police officers should be allowed to proceed. [Dkt. 392 at 4, 11-12 (Objections Three and Eighteen)]. This claim, however, is not raised in the Fourth Amended Complaint. [Dkt. 374; Dkt. 391 at 9]. The Court **DENIES** Plaintiff leave to raise this claim.

Plaintiff objects that the LBRC Defendants' Motion to Dismiss was untimely. [Dkt. 392 at 4 (Objection Four)]. As the Report stated, however, the Ninth Circuit allows the motion any time before the responsive pleading is filed.

[Dkt. 391 at 14-15 (collecting cases)]. Moreover, the Court has the power to strike claims on its own motion. [*Id*. at 15].

Plaintiff objects that his claims are not subject to dismissal solely because they fail to state a cognizable legal theory. [Dkt. 392 at 4-6 (Objection Five)]. To the contrary, as the Report correctly explained, the failure to state a cognizable legal theory is a proper ground for dismissal for failure to state a claim. [Dkt. 391 at 15].

Plaintiff objects that he was impermissibly denied leave to add new claims. [Dkt. 392 at 6-8, 9-10 (Objections Seven, Eleven, and Twelve)]. However, as the Court previously explained, amendment was unwarranted because of undue delay, bad faith, and futility. [Dkt. 369 at 9-16].

Plaintiff objects that his claim of libel and slander against the LBRC Defendants should be allowed to proceed. [Dkt. 392 at 8-9 (Objections Eight to Ten)]. Plaintiff did not obtain leave from this Court to add this claim to the Fourth Amended Complaint. [Dkt. 391 at 19]. Accordingly, this claim is **STRICKEN**.

Plaintiff objects that the Court erroneously limited his civil rights claims under 42 U.S.C. § 1983. [Dkt. 392 at 10 (Objection Thirteen)]. However, as the Magistrate Judge has repeatedly explained, Plaintiff's allegations of state action are insufficient. [Dkt. 351 at 32; Dkt. 272 at 33-35].

Plaintiff objects that he should be allowed to raise a claim of official misconduct or neglect against Defendant McMullin, the landlord. [Dkt. 392 at 10 (Objection Fourteen)]. This claim, however, exceeds the scope of the Court's order granting leave to file the Fourth Amended Complaint. [Dkt. 391 at 19]. Plaintiff did not obtain the Court's permission to add this claim. Thus, this claim is **STRICKEN**.

Plaintiff objects that he should be allowed to raise a claim of "fraud/deceit/constructive fraud" against the LBRC Defendants. [Dkt. 392 at 10-11 (Objection Fifteen)]. However, the Court denied Plaintiff leave to add this claim to

the action because of undue delay, bad faith, and futility of amendment. [Dkt. 369 at 7, 9-16]. Thus, this claim is **STRICKEN**.

Plaintiff objects that he should be allowed to raise a claim of libel and slander against the LBRC Defendants. [Dkt. 392 at 11]. This claim, however, exceeds the scope of the Court's order granting leave to file the Fourth Amended Complaint. [Dkt. 351 at 18; Dkt. 391 at 19]. Plaintiff did not obtain the Court's permission to add this claim. Thus, this claim is **STRICKEN**.

After conducting a *de novo* review of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

**IT THEREFORE IS ORDERED** that:

1. The Report and Recommendation of United States Magistrate Judge is **ACCEPTED**;
2. The McMullin Motion is **STRICKEN** for failure to satisfy Central District of California Local Civil Rule 7-3;
3. The LBRC Motion is **GRANTED, IN PART, AND DENIED, IN PART** as follows:
    a. **OVERRULED** as to Plaintiff's preliminary objections to the LBRC Motion, with the exception of Plaintiff's Federal Rule of Civil Procedure ("Rule") 12(g)(2) objection to LBRC Defendants' attack of punitive damages and the Rule 65 arguments as to preliminary injunctions and temporary restraining orders, which is sustained;
    b. **GRANTED** as to the LBRC Motion's request to strike the following claims against LBRC Defendants from the 4AC: (1) first claim for 42 U.S.C. § 1983 ("Section 1983") against all LBRC Defendants; (2) fourth claim for official misconduct or neglect, fraud/deceit/ constructive fraud, interference with contractual

|   |   |
|---|---|
| 1 | relationship (constructive fraud) against Mead and LBRC; |
| 2 | (3) fourth claim for libel and slander against LBRC; and (4) sixth |
| 3 | claim for negligence and invasion of privacy against LBRC |
| 4 | Defendants; |

    c. **DENIED** as to the LBRC Motion's request to strike the prayers for emergency restraining order, preliminary and permanent injunctions, and declaratory judgments;

    d. **STRIKING**, on the court's own motion, the following claims from the 4AC: (1) official misconduct or neglect by notary public against McMullin; and (2) libel and slander against Braverman;

    e. **DENIED** as to the LBRC Motion's request to dismiss the following claims against LBRC Defendants: Tom Bane Civil Rights Act ("Bane Act"); slander and libel against Mead; assault, battery, and false imprisonment; intentional infliction of emotional distress; punitive damages; and all claims against Berger.

4. LBRC Defendants and McMullin Defendants must **FILE** an Answer to the 4AC no later than thirty (30) days after the date of this Order; and

5. This action shall **PROCEED** only on the following claims against the following Defendants:

    a. Violation of civil rights under Section 1983 against McMullin (only for incidents at the Apartment), Edgar Bacilio, Brian Cook, Chris Craig, Daniela Cordoba, Pierre Romain, Shahidi Herbert, Tyler Shuck, Jacquelyn Torres, and City of Los Angeles;

    b. Bane Act against McMullin, Salako, Kiuregyan, Gebremedhin, Carbonilla, Underwood, Buenafe, Cervantes, Delfin, Mead, Berger, and LBRC;

    c. Trespass, conversion, illegal lockout, and interruption of utility services (Cal. Civil Code § 7889.3) against McMullin;

    d. Official misconduct or neglect by notary public (Cal. Gov. Code § 8214) against Braverman;

    e. Fraud/deceit/constructive fraud (Cal. Civ. Code §§ 1572, 1573, 1575, 1710) and interference with contractual relationship (constructive fraud) (Cal. Civ. Code § 1573) against McMullin and Braverman;

    f. Libel and slander (Cal. Civ. Code §§ 45–46) against McMullin and Mead;

    g. Breach of contract and money had and received (Cal. Civ. Code § 1692) against Juliana Romeu, Elena Popp, and Eviction Defense Network ("EDN");

    h. Assault, battery, and false imprisonment against Salako, Kiuregyan, Gebremedhin, Carbonilla, Underwood, Buenafe, Cervantes, Delfin, Mead, Berger, and LBRC; and

    i. Intentional or reckless infliction of mental distress against McMullin, Braverman, Romeu, Popp, EDN, Salako, Kiuregyan, Gebremedhin, Carbonilla, Underwood, Buenafe, Cervantes, Delfin, Mead, Berger, and LBRC.

DATED: March 26, 2024

SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE